ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA A. BOERSCH (CABN 126569)
Chief, Criminal Division

DANIEL N. KASSABIAN (CABN 215249)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7034
    Fax: (415) 436-7234
    daniel.kassabian@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:24-mj-71577-MAG |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| ELDIN JAHIR MIRALDA-CRUZ, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant Eldin Jahir Miralda-Cruz is charged with distribution of a controlled substance, fentanyl, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C). Having received a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offense to defense counsel.

All discovery provided through the detention hearing, currently scheduled for November 15, 2024, pertains to ongoing government investigations and is law enforcement sensitive information. Accordingly, counsel for the government and counsel for the defendant agree, for the purposes of this case only and without being bound to agree to do so in future cases, to have the government provide

discovery to the defense counsel on an "Attorneys' Eyes Only" basis for a brief period to balance that sensitivity with the defendant's right to discovery before the detention hearing.

In addition, some of the discovery to be provided documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

2. Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information. The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

To ensure that discovery in general, and Protected Information in particular, is not subject to unauthorized disclosure or misuse,

IT IS HEREBY ORDERED that defense counsel, their investigators, assistants, employees, at the Public Defender's Office for the Northern District of California, and any court-certified interpreters employed by them (collectively, "the Defense Team"), may access and review discovery provided by the United States and, until November 15, 2024, shall treat that discovery as "Attorneys Eyes Only" by not provide it to anyone else and by keeping it in a secure location at the Public Defender's Office. The defendant may NOT have access to the discovery material until November 15, 2024, but the content/substance of that material may the Defense Team may discuss with the defendant without revealing any particular person's name (including by any pseudonym), Personal Identifying Information,

Financial Identifying Information, or HIPAA-covered information may not be provided to the defendant. The content/substance of the discovery may not be discussed with anyone else except for the government.

IT IS FURTHER ORDERED that, after November 15, 2024, the Defense Team may access and review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Protected Information, unless the Protected Information has first been <u>entirely redacted</u> from the discovery materials, except that phone numbers may be redacted to leave the last four digits, and addresses can leave cities and states. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted. The defendant, before receiving Protected Information under this Order, shall be provided a copy of this Order along with those materials, shall have the Order translated to him, and shall sign and date the Acknowledgement attached to this Order reflecting their agreement to be bound by it. Such Acknowledgment shall be kept by the Defense Team and be subject to inspection by the Court.

IT IS FURTHER ORDERED that, the Defense Team may show witnesses Protected Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness Protected Information. Witnesses may only view Protected Information in the presence of the Defense Team. No witness or potential witness may retain copies of discovery material that contains Protected Information after his or her review of those materials with the Defense Team is complete.

IT IS FURTHER ORDERED that the Defense Team may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the

captioned case. Any experts, before receiving Protected Information under this Order, shall be provided a copy of this Order and shall sign and date the Acknowledgement attached to the Order reflecting their agreement to be bound by it. Such Acknowledgment shall be kept by the Defense Team and be subject to inspection by the Court.

IT IS FURTHER ORDERED that the Defense Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Protected Information except as set forth in this Protective Order.

IT IS FURTHER ORDERED that the materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court. This Order shall also apply to any copies made of any materials covered by this Order.

IT IS FURTHER ORDERED that, if a party files a pleading that contains or attaches Protected Information subject to this Order, then the Protected Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

IT IS FURTHER ORDERED that, after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Protected Information (including any copies) within 30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that the Protected Information will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

IT IS FURTHER ORDERED that this stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

IT IS SO STIPULATED.

DATED: November 5, 2024

ISMAIL J. RAMSEY
United States Attorney

/s/
DANIEL N. KASSABIAN
Assistant United States Attorney

DATED: November 5, 2024

JODI LINKER
Federal Public Defender

/s/
JOHN PAUL REICHMUTH
Assistant Federal Public Defender
Counsel for Defendant
ELDIN JAHIR MIRALDA-CRUZ

Pursuant to the stipulation, IT IS SO ORDERED.

DATED: November 6, 2024

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Donna M. Ryu]*

HON. DONNA M. RYU
Chief United States Magistrate Judge

ACKNOWLEDGEMENT

By signing below, I acknowledge that I have been provided and have reviewed a copy of the STIPULATION AND PROTECTIVE ORDER in Case No. 4:24-mj-71577-MAG and hereby agree to be bound by its terms:

_____   _____   _____
Printed Name                                              Signature                                                           Date

2068-7255-7570, v. 2

STIP. & PROTECTIVE ORDER
CASE NO. 4:24-MJ-71577-MAG                                       6